UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOUIS C. STEED, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV01844 AGF |
| SBM SITE SERVICES, LLC, ) | |
| AT WELLS FARGO ADVISORS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss Plaintiff's amended complaint for failure to state a claim. Plaintiff, who is proceeding pro se, filed this action on March 17, 2011, under Title VII of the Civil Rights Act of 1964. Plaintiff filed the action on a form for an employment discrimination claim, checking boxes indicating that he was harassed and terminated by Defendant based on his race. The record suggests that Plaintiff, who is African American, was told that he was terminated because of misconduct. Attached to the complaint are a letter Plaintiff wrote to Defendant while still employed, in which he asserts that lies were told about him and asking for an independent investigation; and a letter of commendation for his work that he had received.

By Order dated December 3, 2012, the Court ruled that Plaintiff's initial complaint was insufficient to satisfy the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and gave Plaintiff the opportunity to file an amended complaint that complied with the Rule. The Court advised Plaintiff to set forth in detail the facts that he believes support his claim that he was discriminated against or harassed on the basis of

race. Plaintiff has now filed an amended complaint, and Defendant argues that it should be dismissed for failure to state a claim.

To withstand a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] complaint" does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Here, as Defendant argues, the amended complaint contains no allegations that Plaintiff was treated differently than similarly situated employees of a different race, or any factual support for his checking on the complaint form that he was terminated or harassed because of his race. Plaintiff has failed to respond to Defendant's motion other than to assert that the truth would come out in court. "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (citation omitted). "Pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) (citation omitted) (granting defendants' motion to dismiss a pro se complaint where no facts in support of conclusory allegation were presented in the complaint or in response to defendants' motion to dismiss).

The Court concludes that Plaintiff has failed to meet these pleading standards. The Court also does not believe that this is a case in which appointment of counsel is warranted. *See Slaughter v. City of Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984) (listing

the relevant factors a court should consider in determining whether to appoint counsel in a Title VII case).  The factual and legal issues are not complex and Plaintiff has made no showing of any efforts to secure counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**.  (Doc. No. 4.)

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Plaintiff's amended complaint for failure to state a claim is **GRANTED**, said dismissal to be without prejudice.  (Doc. No. 20).

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss filed on November 13, 2012 (Doc. No. 9), is **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2013.